IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
CIVIL ACTION NO. 5:16-MC-18-D

WILLIAMSON FARM,

    Petitioner,

vs.

DIVERSIFIED CROP INSURANCE
SERVICES a/k/a CGB DIVERSIFIED
SERVICES, INC.

    Respondent

## WILLIAMSON FARM'S MEMORANDUM REGARDING REMEDIES

**NOW COMES** Petitioner, by and through its undersigned counsel of record, and pursuant to the Court's direction at oral argument, provides this Memorandum regarding the potential remedies in this matter.

## PROCEDURAL BACKGROUND

The Arbitrator Awarded the following monetary damages:

    a. Contract Damages of $97,692.39 for Farm 2171
    b. Contract Damages of $77,668.59 for Farms 1872 and 4168
    c. Attorney's Fees of $98,852.50
    d. Reimbursement for Arbitration Costs of $14,994.00
    e. Trebling of the Contract Damages

The total amount of the award is $639,929.44.

## ARGUMENT

The Court has at least three options with respect to this matter. The Court may confirm the Arbitration Award; the Court may modify the Arbitration Award; or the Court may vacate the Arbitration Award.

## I. OPTION 1: CONFIRM THE ARBITRATION AWARD

As stated in Court and in previous Memorandum, Petitioner requests that this Court simply confirm the Arbitration Award in the amount of $639,929.44. This dispute went to Arbitration pursuant to Section 20(a) of the insurance policies at issue which require **all** "disagreements" between the parties be arbitrated. The Arbitrator decided all issues and her arbitration award is entitled to extreme deference even if the Court believes that the Arbitrator misinterpreted the contract, misinterpreted the facts or law, or reached faulty or erroneous legal conclusions. Richmond, Fredericksburg & Potomac R.R. Co. v. Transp. Commc'ns. Int'l Union, 913 F.2d 276, 281 (4th Cir. 1992)

> [A]ny doubts concerning the scope of arbitrable issues," as well as any doubts concerning the scope of the arbitrators' remedial authority, are to be resolved in favor of the arbitrators' authority as a matter of federal law and policy.

Peoples Sec. Life Ins. Co. v. Monumental Life Ins. Co., 991 F.2d 141, 147 (4th Cir. 1993)

> 'As long as the arbitrator is even arguably construing or applying the contract,' a court may not vacate the arbitrator's judgment." Upshur, 933 F.2d at 229 (*quoting* United Paperworkers v. Misco, Inc., 484 U.S. 29, 38, 108 S.Ct. 364, 371, 98 L.Ed.2d 286 (1987)).

In re A.H. Robins Co., Inc., 197 B.R. 525, 528 (E.D. Va. 1995). For the foregoing reasons, Petitioner asks the Court to confirm the Arbitration Award.

## II. OPTION 2: MODIFY THE ARBITRATION AWARD TO ONLY AWARD CONTRACTUAL DAMAGES

Moreover, if the Court is not inclined to confirm the Arbitration award then prior to vacating the award Petitioner would request that it be modified. Pursuant to 9 U.S.C. § 11, this Court may make an Order modifying the Award.

> (a) Where there was an evident material miscalculation of figures or an evident material mistake in the description of any person, thing, or property referred to in the award.

(b) Where the arbitrators have awarded upon a matter not submitted to them, unless it is a matter not affecting the merits of the decision upon the matter submitted.

(c) Where the award is imperfect in matter of form not affecting the merits of the controversy.

9 U.S.C. § 11. "The order may modify and correct the award, so as to effect the intent thereof and promote justice between the parties." 9 U.S.C. § 11. Modification of an arbitration award is an appropriate remedy for arbitrator's purported conduct in exceeding his authority and therefore, in deciding issue of whether arbitrator exceeded scope of his authority, district court had to follow provision of Federal Arbitration Act (FAA) allowing for modification of arbitration award when arbitrator awarded upon matter not submitted, unless such matter did not affect merits of decision upon matter submitted. In re Arbitration between Intern. Broth. of Elec. Workers A.F.L. & C.L.C. and its Local 1593 and Dakota Gasification Co., 362 F.Supp.2d 1135 (D.N.D. 2005).

During the hearing it appeared as if the Court was focused on Respondent's contention that the Arbitrator lacked the authority to award extra-contractual damages. To the extent the Court agrees with Respondent's contention, and the Arbitrator's decision is not entitled to deference, then the Court can modify the award to exclude the extra-contractual damages and simply award the contractual damages of $97,692.39 for Farm 2171 and $77,668.59 for Farms 1872 and 4168. This result would in some regards promote justice between the parties as a reasonable resolution to the case and provide some certainty to the arbitration process.

### III. OPTION 3: VACATE THE ARBITRATION AWARD WITH SEVERAL OPTIONS

<u>Remand to the Arbitrator for Rehearing</u>: If the Award is vacated, the easiest, most efficient and standard option is to remand the matter to Arbitrator Arrowood. Remand is

3

Case 5:17-cv-00513-D   Document 30   Filed 11/11/16   Page 3 of 8

typically the preferred judicial option under 9 U.S.C. § 10(b) which provides that if "the time within which the agreement required the award to be made has not expired, the court may, in its discretion, direct a rehearing by the arbitrators".

> Even in the very rare instances when an arbitrator's procedural aberrations rise to the level of affirmative misconduct, as a rule the court must not foreclose further proceedings by settling the merits according to its own judgment of the appropriate result, since this step would improperly substitute a judicial determination for the arbitrator's decision that the parties bargained for in the collective-bargaining agreement. Instead, the court should simply vacate the award, thus leaving open the possibility of further proceedings if they are permitted under the terms of the agreement. **The court also has the authority to remand for further proceedings when this step seems appropriate.**

United Paperworkers Intern. Union, AFL-CIO v. Misco, Inc., 484 U.S. 29 (1987)(emphasis added). Awards have been remanded for reconsideration where arbitrators have exceeded their authority by ignoring terms in the parties' contract, Clarendon Nat. Ins. Co. v. TIG Reinsurance Co., 990 F. Supp. 304 (S.D.N.Y. 1998) or by manifestly disregarding controlling authority. LLT Intern. Inc. v. MCI Telecommunications Corp., 18 F. Supp. 2d 349 (S.D.N.Y. 1998). When an award is vacated and remanded, the usual course is to return the matter back to the same arbitrators, absent absence of corruption, fraud, or misconduct. Thomas H. Oehmke, *Appealing Adverse Arbitration Awards*, 94 AM. JUR. TRIALS 211, § 245 (2014). When an arbitrator's award is vacated, remedy is to remand for further arbitration. Kergosien v. Ocean Energy Inc., 280 F.Supp.2d 612 (S.D. Tex. 2003). An award should be remanded to arbitrator, where court finds parties' arbitration agreement does not support award. Blue Bell, Inc. v. Western Glove Works Ltd., 816 F.Supp. 236 (S.D.N.Y. 1993). The relevant rules, therefore, do not provide for a new arbitrator on remand of a claim: the rules dictate a rehearing by "the arbitrators" and not a "new" arbitrator. In re A.H. Robins Co., Inc., 230 B.R. 82, 86 (E.D. Va. 1999). There is no "drop-dead date" under the policies at issue for when an arbitration award needs to be made,

mandating remand upon vacation of the Award, and the following excerpt from *Appealing Adverse Arbitration Awards* is instructive.

> A few arbitration contracts specify an outside time limit by when an award must be made. For example, consider the following language: "Time is of the essence and any arbitrator must make an award on or before December 31, 2010; any award made after that date is null and void and, thereafter, parties are left to their legal remedies as if the parties had never agreed to arbitrate the claims or controversies in question." While such language places an outside time limitation on the arbitrator's powers, few arbitration agreements are so restrictive. Indeed, most arbitration agreements lack any mention of a "drop dead date" by when an arbitration award must issue. Where no deadline date has been agreed to by the parties, or where that date has not passed, a court may vacate an award; if so, then a court also may exercise its discretion by directing a rehearing by the arbitrator…
>
> The outside stricture of a "drop-dead date" in an arbitration agreement is different from the standard rules provision as to when an award must be made. For instance, the AAA rules provide in Rule 45:
>
>> The award shall be made promptly by the arbitrator and, unless otherwise agreed by the parties or specified by law, no later than 30 days from the date of closing the hearing, or, if oral hearings have been waived, from the date of the AAA's transmittal of the final statements and proofs to the arbitrator. …
>
> Nonetheless, it is clear that the AAA rules provision (as to the time when an award must be made) only deals with events that transpire after an arbitration hearing begins. Then, the deadline date for an award is calculated as "… no later than 30 days from the date of closing the hearing, or, if oral hearings have been waived, from the date of the AAA's transmittal of the final statements and proofs to the arbitrator." To be specific, this AAA rule seems inapplicable to a situation under FAA § 10(a)(5) when a court has ordered a rehearing where the time limit (within which the agreement requires the award to be made) has not expired, or where the arbitration agreement lacks a drop-dead date for the issuance of an award.

Id. If a Court were to find otherwise then the ALR suggests the provisions of FAA § 10(a)(5) would be rendered meaningless in every AAA case. The ALR's approach on vacatur would preserve the claims raised and allow them to again be decided in arbitration, as agreed to by the parties, and by Arbitrator Arrowood and should be adopted by this Court if it chooses to vacate the Award.

5

**Vacating of the Award to Allow Reinitiation of Arbitration:** Alternatively, if the Court is not inclined to remand the matter then the parties are allowed to reinitiate arbitration although that is not the preferable or expedient route. When a court vacates an award "then the award simply becomes null and void as if the merits were never arbitrated and the dispute can be litigated." Thomas H. Oehmke, *Appealing Adverse Arbitration Awards*, 94 AM. JUR. TRIALS 211, § 245 (2014).

> Institutional administrators (like AAA and NASD) have no rules that discuss what occurs when vacatur is ordered after the contractual deadline (within which the award is to be made) has expired. Reported opinions generally are silent about the next step. What is clear, however, is that the parties' bargain—to arbitrate their dispute to a final and binding conclusion—never came to a proper conclusion. That is, neither party received the benefit of their bargain (i.e., an arbitration award that can be judicially-confirmed and enforced). Under that presumption, either party should be able to reinitiate arbitration.

Id. If arbitration is self-administered, then either party can file a new demand for arbitration and the arbitration process begins anew. Dow Corning Corp. v. Safety National Cas. Corp., 335 F.3d 742 (8th Cir. 2003).

## CONCLUSION

For the reasons set forth here, Petitioner respectfully requests that the Court grants its Motion to Confirm Arbitration Award enter judgment upon the Award and grant any additional relief the Court deems just and proper under the circumstances. The arbitrator completed the job she was asked to perform, the Awards are valid, and the law requires that they be confirmed in full. In addition, Petitioner would humbly request again that the FCIC answer the hypothetical posed by Petitioner in its Response to FCIC's Amicus Brief at page 8.

This the 11th day of November, 2016.

**STUBBS & PERDUE, P.A.**
*COUNSEL FOR PETITIONER*

*/s/Matthew W. Buckmiller*
TRAWICK H. STUBBS
N.C. State Bar No. 4221
tstubbs@stubbsperdue.com
MATTHEW W. BUCKMILLER
N.C. State Bar No. 35194
mbuckmiller@stubbsperdue.com
9208 Falls of Neuse Road, Suite 201
Raleigh, North Carolina 27615
Telephone: (919) 870-6258
Facsimile: (919) 870-6259

**CERTIFICATE OF SERVICE**

I hereby certify that on November 11, 2016, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: RUDY E. RENFER, R. JEFFERSON ALLEN and DEREK M. CRUMP.

                **STUBBS & PERDUE, P.A.**
                *COUNSEL FOR PETITIONER*

                */s/Matthew W. Buckmiller*
                TRAWICK H. STUBBS
                N.C. State Bar No. 4221
                tstubbs@stubbsperdue.com
                MATTHEW W. BUCKMILLER
                N.C. State Bar No. 35194
                mbuckmiller@stubbsperdue.com
                9208 Falls of Neuse Road, Suite 201
                Raleigh, North Carolina 27615
                Telephone: (919) 870-6258
                Facsimile: (919) 870-6259