IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
CIVIL ACTION NO.: 5:16-MC-18-D

WILLIAMSON FARM,           )
                           )
         Petitioner,       )
                           )
    vs.                    )
                           )
DIVERSIFIED CROP INSURANCE )
SERVICES a/k/a CGB DIVERSIFIED )
SERVICES, INC.             )
                           )
         Respondent        )
                           )

**DIVERSIFIED CROP INSURANCE SERVICES' SUPPLEMENTAL MEMORANDUM**

COMES NOW Diversified Crop Insurance Services ("DCIS"), by and through counsel, and respectfully submits its supplemental memorandum regarding possible remedies in this case. DCIS joins RMA in proposing that the proper remedy is a complete vacation of the arbitration award. Alternatively, DCIS proposes that this court could confirm the arbitrator's finding that there was no coverage under either policy and vacate the entirety of the damage award since it was grounded wholly in tort theories of law which were outside the scope of the arbitrator's authority.[1]

**Vacation of the Award**

Vacating the subject arbitration award is the appropriate remedy in that it is without question that the arbitrator lacked the authority to render the award now in dispute. In so vacating the subject decision, there is no basis upon which to remand this matter for further hearing before the arbitrator

---

[1]This is true in light of the fact that while the arbitrator styled certain of the damages as "breach of contract" damages, she found no provision within the policy that was breached. Further, she contradicted her own award by explicitly finding a "lack of coverage" and that Claimant was "uninsured." See Award, Doc. 12-2.

Case 5:17-cv-00513-D   Document 31   Filed 11/11/16   Page 1 of 5

who rendered the decision. This is true because said decision, once vacation occurs, will be null and void as though it never occurred. There is nothing within the subject decision itself which needs clarity or modification. Even if such were the case, however, as both RMA and Petitioner noted in their supplemental briefs, the time within which the agreement required the award to be made has expired. See 9 U.S.C. §10(b).

In addition, per the Commercial Rules of Arbitration, there is no basis for the arbitrator to re-obtain jurisdiction over this dispute to modify her award. Specifically, Rule 50 of the Commercial Rules, entitled "Modification of Award," provides as follows, in part:

> Within 20 calendar days after the transmittal of an award, any party, upon notice to the other parties, may request the arbitrator, through the AAA, ***to correct any clerical, typographical, or computational errors in the award***. *The arbitrator is not empowered to redetermine the merits of any claim already decided …*

R-50, Commercial Arbitration Rules. As such, the subject rules do not allow an arbitrator to redetermine the merits of a claim, and the "error" in the arbitrator's opinion is well beyond that of a mere "clerical" error. As such, this decision is not subject to remand, re-review, or reconsideration, but instead should be arbitrated anew once arbitration is reinitiated.[2] This is, in fact, one of the possible remedies raised by the Petitioner.

**Partial Confirmation**

In the alternative, DCIS proposes that this court could partially confirm the award of the arbitrator, limited to the findings over which she actually had authority to issue an award. This would include, of course, only those findings related to breach of contract. To this point, however,

---

[2]DCIS would pose that only after arbitration is complete would Petitioner then be deemed to have exhausted this particular remedial requirement, such that any request for a "20(i)" finding and possible litigation would not be appropriate until the requirement to arbitrate has been satisfied.

2

the parties appear to be in disagreement as Petitioner urges that under this particular remedy, the damages *styled* as contract damages could be upheld, with the remainder of the damages stricken. In support of DCIS's position, a plain reading of the arbitrator's award indicates that all damages were tort-based. This is evidenced by two (2) findings (*or lack thereof*) in the subject opinion: 1) no specific policy provision(s) was cited for having been breached, and 2) the arbitrator found a "lack of coverage" under one particular policy and that Claimant was "uninsured" under the other. See Award, Doc. 12-2. How could there be a breach of contract in the face of no coverage and a lack of insurance? Why the damages then awarded were deemed to be contractual is puzzling at best.

In light of the above, and from Respondent DCIS's point of view, in order for there to be a partial confirmation, it would have to be accompanied by a modification of the award to reflect the fact that the arbitrator found there was no breach of contract and that no money was awarded under a breach of contract theory. This would, in turn, leave all damages awarded clearly characterized as tort and/or extra-contractual (along with attorney's fees), the type of damages which the arbitrator clearly exceeded her authority by awarding. Thus, the entire damage award would then need to be stricken under this remedy line.

**Conclusion**

For the reasons set forth herein as well as in DCIS's briefs supporting its Motion to Vacate, this award should be vacated in its entirety, with the parties then having the option of reinitiating the arbitration process. Without question, the arbitrator exceeded her authority, rendering an award that was, upon multiple bases, null and void. Accordingly, the court should confirm such a finding and strike the decision in its entirety. Alternatively, the court should confirm the finding that there was no breach of contract and strike the entire damage award *in toto*.

Respectfully submitted this the 11th day of November, 2016.

/s/ *R. Jefferson Allen*  /s/ *Derek M. Crump*
R. JEFFERSON ALLEN  DEREK M. CRUMP
Hunt Ross & Allen, P.A.  Brown, Crump, Vanore & Tierney, L.L.P.
P.O. Box 1196  Post Office Box 1729
Clarksdale, MS 38614  Raleigh, North Carolina 27602-1729
Telephone: 662-627-5252  Telephone: 919-890-4477
Facsimile: 662-627-5254  Facsimile: 919-835-0915
Email: rjallen@huntross.com  Email: dcrump@bcvtlaw.com
Mississippi State Bar No.: 10593  N.C. State Bar No.: 15818
Attorney for Respondent  Local Civil Rule 83.1 Counsel for Respondent

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NORTH CAROLINA**
**WESTERN DIVISION**
**CIVIL ACTION NO.: 5:16-MC-18-D**

| | |
|---|---|
| WILLIAMSON FARM, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) |
| | ) |
| DIVERSIFIED CROP INSURANCE | ) |
| SERVICES a/k/a CGB DIVERSIFIED | ) |
| SERVICES, INC. | ) |
| | ) |
| Respondent | ) |
| | ) |

## CERTIFICATE OF SERVICE

I hereby certify that on November 11, 2016, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

**Matthew W. Buckmiller and Rudy Renfer**.

Respectfully submitted,

/s/  *R. Jefferson Allen*            /s/ *Derek M. Crump*
R. JEFFERSON ALLEN                   DEREK M. CRUMP
Hunt Ross & Allen, P.A.              Brown, Crump, Vanore & Tierney, L.L.P.
P.O. Box 1196                        Post Office Box 1729
Clarksdale, MS  38614                Raleigh, North Carolina  27602-1729
Telephone: 662-627-5252              Telephone: 919-890-4477
Facsimile: 662-627-5254              Facsimile: 919-835-0915
Email: rjallen@huntross.com          Email: dcrump@bcvtlaw.com
Mississippi State Bar No.: 10593     N.C. State Bar No.: 15818
Attorney for Respondent              Local Civil Rule 83.1 Counsel for Respondent